**Fatmata KUYATEH–MOSES, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, United States Department of Justice, Michael Chertoff, Secretary of Homeland Security, Respondents.**

No. 06–2088–ag.

United States Court of Appeals, Second Circuit.

July 5, 2007.

Fatmata Kuyateh–Moses, pro se, Bronx, NY, for Petitioner.

Kathryn L. Moore, Attorney (Leura G. Canary, United States Attorney for the Middle District of Alabama, John T. Harmon, Assistant United States Attorney, Montgomery, Alabama, of counsel), United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Fatmata Kuyateh–Moses, *pro se*, petitions for review of an April 27, 2006, order of the BIA denying her motion to reconsider. *In Re Fatmata Kuyateh*, No. A72–189–822 (B.I.A. Apr. 27, 2006). We assume that Kuyateh–Moses and the government are familiar with the facts and the procedural history of this case, and the scope of the issues presented by this petition.

Because Kuyateh–Moses did not file a petition for review of the underlying proceedings, our review is limited to consideration of the BIA's denial of her motion. *See Nwogu v. Gonzales*, 491 F.3d 80, 2007 WL 1745882, at *4 (2d Cir.2007).

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (internal quotation marks omitted).

To the extent that Kuyateh–Moses moved the BIA to reconsider, she was required to specify errors of fact or law and to support her claim with relevant authority. 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001). The only authority cited by Kuyateh–Moses was *Matter of Velarde–Pacheco*, 23 I. & N. Dec. 253 (B.I.A. 2002), which allows for a motion to reopen, but only if the alien presents "clear and convincing evidence indicating a strong likelihood that [her] marriage is bona fide." *Id.* at 256. But the record supports the BIA's initial determination that Kuyateh–Moses's marriage was not bona fide, and she did not specify how the BIA erred in reaching this conclusion. Accordingly, her motion amounted to a repetition of an argument the BIA already had rejected, and it is not an abuse of discretion for the BIA to deny such a motion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

Kuyateh–Moses also argues that because of abuse at the hands of her first husband, she is entitled to proceed as a "VAWA self-petitioner." *See* 8 U.S.C. §§ 1101(a)(51), 1154(a)(1)(A)(defining a "VAWA self-petitioner" as, *inter alia*, an alien formerly married to a United States spouse whose marriage terminated because of battering or extreme cruelty by the United States spouse). Although the BIA did not expressly call Kuyateh–Moses's motion a motion to reopen in this regard, it adequately analyzed the claim as such by noting that Kuyateh–Moses had offered no evidence to substantiate her new claim of spousal abuse, and this conclusion is supported by the record. Be-

cause Kuyateh–Moses offered no new evidence in support of her claim, the BIA did not abuse its discretion in denying her motion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Finally, Kuyateh–Moses's due process and equal protection claims were not raised before the BIA and, accordingly, we cannot consider them. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004).

For the foregoing reasons the petition for review is DENIED. Because we have completed our review, Kuyateh–Moses's pending motion for a stay of removal is DISMISSED as moot.