**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

_____

August Term, 2006

(Argued: May 3, 2007                                    Decided: June 19, 2007
                                                        Amended: June 20, 2007)

Docket No. 06-2169-ag

_____

CHUKS GODDY NWOGU,

*Petitioner*,

− v. −

ALBERTO GONZALES, Attorney General of the United States,,

*Respondent*.

_____

Before: WINTER, CALABRESI, and SOTOMAYOR, *Circuit Judges*.

Petition for review from the Board of Immigration Appeals.  Upon due consideration of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Judge Winter concurs in a separate opinion.

Robert A. Ratliff, Mobile, AL., *for Petitioner*.

Kristin L. Vassallo & Sara L. Shudofsky, Assistant U.S. Attorneys, *for* Michael J. Garcia, U.S. Attorney for the Southern District of New York, *for Respondent*.

-1-

PER CURIAM:

Chuks Goddy Nwogu, a native and citizen of Nigeria, petitions for review of the BIA's April 10, 2006 decision denying as untimely his motion for the BIA to reconsider its January 24, 2006 decision dismissing as untimely his appeal from Immigration Judge ("IJ") Joe Miller's September 8, 2005 removal order. After the IJ found that Nwogu's second-degree grand larceny offense in New York State rendered him removable as an aggravated felon under federal immigration law, *see* 8 U.S.C. § 1101(a)(43)(G), and that he was not eligible for relief from removal, Nwogu sought to appeal the decision to the BIA. Although the incarcerated petitioner states that he placed his appeal papers in the mail more than one week before the deadline for appeal from the IJ decision, the BIA's official time stamp indicates that the Board received the appeal one day after the deadline.

At stake in this case is Nwogu's ability to have considered by the BIA the merits of his appeal of the IJ's denial of his relief from removability. For the reasons stated below, we deny Nwogu's petition for review.

**BACKGROUND**

Nwogu entered the United States as a permanent legal resident on February 14, 1999. On October 9, 2003, Nwogu pled guilty to a New York State offense of second-degree grand larceny and was sentenced to prison for a term of four to twelve years. Nwogu's appeal from the conviction was denied by the Appellate Division.

On April 26, 2005, the Department of Homeland Security (DHS) served Nwogu with a Notice to Appear that charged him as removable because of his conviction and one-year sentence for an

aggravated felony under federal immigration law, *see* 8 U.S.C. § 1101(a)(43)(G). On September 8, 2005, the IJ concluded that, by clear and convincing evidence, Nwogu is not eligible for cancellation of removal or adjustment of status because he is an aggravated felon and a lawful permanent resident. The IJ stated: "There being no other relief available [to] Mr. Nwogu, he is ordered removed from the United States and deported to Nigeria." The IJ informed Nwogu of the time requirements should he wish to appeal:

> Sir, I'm going to ask the gentlemen there to give you your appeals package. You fill it out, you sign it, you send it in. Make sure you get it right the first time. *Because if you don't get it right the first time, they're going to send it back to you and your 30 days is running all that time. And you will not get even one day extra. They will not take it if you send it in one day after October 11th*. If you don't have it there by October 11th or before, then they will not give you your time and then you will not have an appeal in Court.

(emphasis added).

Following this decision, the relevant events center around deadlines missed by Nwogu. First, Nwogu sent the IJ a letter dated September 12, 2005 (received September 21, 2005) in which he "humbly request[ed]" that the IJ extend the appeal deadline to "allow[] me to submit an application for Stay of removal which I am preparing" and to "obtain [new] reliable legal representation." A letter of October 3, 2005 informed Nwogu that the IJ has no authority to extend the deadline and provided Nwogu with a copy of the regulation governing motions to reopen or reconsider his case.

Nwogu finally appealed the IJ's September 8, 2005 decision in papers dated September 22, 2005. Petitioner's affidavit of service indicates that he "placed in the mailbox at the Clinton Correctional Facility" his notice of appeal on October 3, 2005, but the BIA's official date and time stamp indicate that the Board received the appeal on October 12, 2005 at 9:16am.

On January 24, 2006, the BIA issued a per curiam opinion holding that Nwogu's October

2005 "appeal is untimely" because it was received one day after the statutory limit. It stated:

> A Notice of Appeal . . . must be filed within 30 calendar days of an [IJ]'s oral decision . . . . *See* 8 C.F.R. §§ 1003.38(b), (c). In the instant case, the [IJ]'s decision was rendered orally on September 8, 2005. The appeal was accordingly due on or before October 11, 2005. The record reflects, however, that the Notice of Appeal was filed with the [BIA] on October 12, 2005.

The BIA also informed the parties that:

> If you wish to file a motion to reconsider challenging the finding that the appeal was untimely, *you must file your motion with the Board.* However, if you are challenging *any other* finding or seek to reopen your case, you must file your motion with the Immigration Court. *You should also keep in mind that there are strict time and number limits on motions to reconsider and motions to reopen.*

(second emphasis in original) (citations omitted).

In response to this decision, Nwogu asked the BIA to reconsider its January 24, 2006 decision. In support of his motion for reconsideration, Nwogu stated that he had mailed the Notice of Appeal on October 3, eight days before the receipt deadline, and that he had "no control over the delay that caused the letter to take nine days to travel from New York to Virginia, and that any reasonable person would have thought 9 days a sufficient amount of time . . . ."

On March 3, 2006, the BIA rejected Nwogu's motion for reconsideration – which it stated was received on February 27, 2006 – because Nwogu failed to include "[t]he required fee of $110.00 or Fee Waiver Request form." In its notice rejecting Nwogu's motion, the BIA specified:

> We have returned your motion and all attachments to you for timely correction of the defect(s). THIS DOES NOT EXTEND THE ORIGINAL STRICT TIME LIMITS within which you must file your motion.

> Your motion must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. It is **NOT** sufficient simply to mail the motion within the time limits.

> Any corrected motion resubmitted after the original time limits should be filed within 15 days of the date of this notice and should include a request that the Board accept the motion by certification. The Board will consider whether to accept each request in the exercise of discretion.

On March 14, 2006, the BIA received Nwogu's corrected motion for reconsideration, but Nwogu failed to submit the required request that the Board accept the motion by certification.

A BIA per curiam opinion on April 10, 2006 denied as untimely Nwogu's motion to reconsider. The Board explained that:

> A motion to reconsider in any case previously the subject of a final decision by the Board must be filed no later than 30 days after the date of that decision. In the instant case, a motion to reconsider would have been due on or before *February 23, 2006*. The record reflects, however, that the Board did not receive the respondent's motion until February 27, 2006, and that it was rejected for filing defects. [Nwogu's] motion was not filed with the Board until March 14, 2006. The motion to reconsider was therefore filed out of time. Accordingly, the motion to reconsider is denied.

(emphasis added). In a footnote, the BIA acknowledged that Nwogu's motion for reconsideration turned on his claim that he had mailed his notice of appeal of the IJ decision "eight days before the filing deadline," but the BIA disputed that alleged mailing date and reiterated that "the Board does not observe the mailbox rule (accepting the mailing date as the filing date)."

On May 10, 2006, Nwogu filed a petition for review with our court. In his brief, Nwogu "asks that this Court find that the original notice of appeal filed by the Petitioner pro se was in fact timely filed and remand this matter" to the BIA for consideration on the merits. Petitioner states that "[t]he sole proposed issue is whether Mr. Nwogu's Notice of Appeal following an [IJ]'s determination of deportation was timely filed and therefore the [BIA]'s dismissal of said appeal was improper and Mr. Nwogu should be allowed to refile his appeal and have it decided on its merits." *Id*. In response, the government contends, first, that Nwogu cannot challenge the BIA's January 24, 2006 decision dismissing his appeal because he failed to petition timely for review of that decision;

second, that Nwogu has waived any challenge to the April 10, 2006 decision; and third, that the BIA acted within its discretion in denying as untimely Nwogu's motion for reconsideration.

**DISCUSSION**

An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted). The BIA has defined a motion to reconsider as "'a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.'" *In re Cerna*, 20 I. & N. Dec. 399, 402 n.2 (BIA 1991) (citation omitted). BIA regulations establish that a motion to reconsider must specify errors of fact or law in the BIA decision and be supported by relevant authority. *See* 8 C.F.R. § 1003.2(b)(1); *Zhao*, 265 F.3d at 90.

It would be troubling if the one-day late arrival of Nwogu's original appeal barred that appeal, given Nwogu's assertion that the delay was beyond his control because his incarceration precluded access to any means of delivery that would avoid the risk of regular mail.[1] In *Zhong Guang Sun v. U.S. Dep't of Justice*, we concluded that the BIA "erred in indicating that it was unable under any circumstance . . . to hear an untimely appeal." 421 F.3d 105, 106 (2d Cir. 2005). We acknowledged that Federal Rule of Appellate Procedure 25(a)(2)(A) provides that timely "filing" is breached "unless the clerk receives the papers within the time fixed for filing," and that BIA regulations mirror this definition, *see* 8 C.F.R. § 1003.38(c) (defining filing date for appeal to the

---

[1] In saying this we, of course, express no view on the merits of Nwogu's appeal.

-6-

BIA as "the date the Notice is *received* by the [BIA]") (emphasis added). Nevertheless, we concluded, "while under normal circumstances the BIA cannot hear late-filed appeals, it may hear such appeals in unique or extraordinary circumstances." *Zhong Guang Sun*, 421 F.3d at 108; *see also id.* at 109. And, we held that such extraordinary circumstances justifying relief from the appeal deadline were presented in *Zhong Guang Sun* as a result of "a delay in delivery by an express delivery service, in contrast to a delay in regular mail." *Id.* at 110.

In the instant case, however, there is no question that Nwogu failed to file in our court a timely petition for review of the BIA's January 24, 2006 timeliness denial. No such petition was filed until May 10, 2006, one month after the BIA denied Nwogu's motion for reconsideration and long after the deadline for appealing the January 24th order had passed. As a result, the issue of whether the BIA would be required to consider an application which an incarcerated individual allegedly submitted for mailing eight days before a BIA deadline and which arrived at 9:16am on the morning after the deadline, is not before us. Our review is limited to the BIA's decision not to reopen or reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir. 2001) (holding that "an appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve[] two separate petitions filed to review two separate final orders" (internal quotations omitted)). We are "'precluded from passing on the merits of the underlying exclusion proceedings,'" *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam)(quoting *Zhao*, 265 F.3d at 90)); *see also Stone v. INS,* 514 U.S. 386, 405 (1995).

Surprisingly, petitioner, now counseled on appeal, does not raise any of the issues relevant to the BIA's April 10, 2006 denial of Nwogu's motion for reconsideration of the January 24, 2006 decision. We therefore must treat any challenge to the April 10 decision as waived. But that decision

is the only one we are empowered to review.

## CONCLUSION

For the foregoing reasons, and in the circumstances of this particular case, the petition for review is DENIED.

06-2169-ag

Nwogu v. Gonzales

WINTER, Circuit Judge, concurring:

I concur in the result.