**YING CHEN, Petitioner,**

**v.**

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

**No. 07–4185–ag.**

United States Court of Appeals, Second Circuit.

April 24, 2008.

John Wang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Mark C. Walters, Assistant Director, Anh–Thu P. Mai, Senior Litigation Counsel, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, and Hon. SONIA SOTOMAYOR, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Acting Attorney General Peter D. Keisler as the respondent in this case.

### SUMMARY ORDER

Petitioner Ying Chen, a native and citizen of China, seeks review of the September 14, 2007 order of the BIA denying her motion to reopen. *In re Ying Chen*, No. A79 663 315 (B.I.A. Sept. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Chen's petition for review is only timely as to the BIA's September 2007 order. 8 U.S.C. § 1252(b)(1). Therefore, we must limit our review to that decision. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir.2001). To the extent Chen challenges the agency's denial of relief in the underlying merits proceeding, we dismiss the petition for review. *See* 8 U.S.C. § 1252(b)(1).

Surprisingly, and fatal to the petition for review, Chen does not advance any argument challenging the BIA's September 2007 order—the only order we are "empowered to review." *See Nwogu v. Gonzales*, 491 F.3d 80, 84 (2d Cir.2007)(per curiam). A petitioner's attorney must "include his most cogent arguments in his opening brief, upon pain of otherwise finding them waived." *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir.2005). Here, Chen failed to directly address the agency's determination that her motion was untimely and failed to qualify for an exception to the time limits applicable to motions to reopen or that her motion should have been construed as a successive petition.[2]

Where the petitioner has been represented by counsel throughout these proceedings, "it is not our obligation to ferret out [his] arguments. That, after all, is the purpose of briefing." *Id.* Accordingly, because we do not find that manifest injustice would result if we decline to reach the BIA's September 2007 order, we deem waived any challenge thereto. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** These serious deficiencies compel us to express our concern about the quality of representation provided by Chen's attorney, John Wang. Counsel is warned that continuing conduct of this nature could result in the initiation of disciplinary proceedings against him. *See* Fed. R.App. P. 46(b)(c).

