**HAIYONG LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–4332–ag.**

United States Court of Appeals, Second Circuit.

May 29, 2008.

Lin Li, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Haiyong Li, a native and citizen of the People's Republic of China, seeks review of the September 21, 2007 order of the BIA affirming the September 19, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, pretermitting his application for asylum, granting him withholding of removal to China, and ordering him removed to France. *In re Haiyong Li*, No. A98 906 355 (B.I.A. Sept. 21, 2007), *aff'g* No. A98 906 355 (Immig. Ct. N.Y. City Sept. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), in order for us to hear argument on any particular issue, petitioners must first raise that issue before the BIA. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007). Because the sole argument Li raises before us—regarding whether he established "extraordinary circumstances" such that the one-year deadline was inapplicable to his asylum application—was not raised in his appeal to the BIA, and because the government has raised this failure to exhaust in its brief to this Court, we therefore decline to consider the issue. *See id.*

at 124. Because Li waived any challenge to the issues we would be "empowered to review," his petition for review must be denied. *See Nwogu v. Gonzales,* 491 F.3d 80, 84 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the petitioner's pending motion for a stay of removal is DISMISSED as moot.