**YAN PING WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–4389–ag.

United States Court of Appeals, Second Circuit.

June 10, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Gary J. Yerman, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Terri León–Benner, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Ping Wang, a native and citizen of the People's Republic of China, seeks review of a September 25, 2007 order of the BIA affirming the May 6, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Ping Wang a.k.a. Min Lin*, No. A97 390 759 (B.I.A. Sept. 25, 2007), *aff'g* No. A97 390 759 (Immig. Ct. N.Y. City May 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. Asylum, Withholding, and CAT Relief

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ We conclude that the agency's adverse credibility determination was supported by substantial evidence. The agency found that Wang testified inconsistently regarding "how and when she learned that the authorities were looking for her and when she was prompted to flee her home." Indeed, while Wang stated at her credible fear interview that she left her parents' home in April or May 2003 after being told, in person, by village officials that they were going to arrest her, she testified that in January 2003, shortly after giving birth, she left her parents' home and hid at her aunt's house because her aunt told her that family planning officials knew about her violation. These discrepancies are material to Wang's claim because the notification that she violated the family planning policy and the resulting threat of arrest formed the basis of her application for relief. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 180–82 (2d Cir.2004).

■ Moreover, the IJ found that while Wang testified that government officials broke into her mother's house and "broke everything in the home" when Wang re-

fused to surrender herself for arrest, her mother's letter makes no mention of anything being destroyed at her home. While Wang's mother's omission of this detail is not major, it was material because Wang's claim of future persecution in China is based, in part, on her assertion that officials attempted to arrest her at her mother's house. *Cf. Secaida–Rosales*, 331 F.3d at 308–09. Thus, when considered as a whole, the agency's adverse credibility determination was supported by substantial evidence. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 107 (2d Cir.2006)(per curiam).

Because the only evidence of a threat to Wang's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003)(per curiam).

## II. Motion to Remand

■ Because Wang does not challenge the BIA's denial of her motion to remand, and because no manifest injustice would result if we declined to review that denial, we deem waived any challenge thereto.[2] *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *see also Nwogu v. Gonzales*, 491 F.3d 80, 84 (2d Cir.2007)(per curiam) (denying petition

where petitioner failed to raise "any of the issues relevant" to the BIA's denial of his motion for reconsideration).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. We are troubled that Wang's counsel, in the brief he submitted to this Court, misstated the facts of this case. While he asserts that Wang's claim is based on the birth of two children, born in the United States, less than three years apart, her claim is based on one child born in China and one child born in the United States, more than three years apart. By the same token, while the brief asserts that Wang and her husband would "never consider leaving their children behind in the United States," Wang has only one child with her current husband; her other child has remained in China since Wang left that country in 2003. We refer this case to the Court's Grievance Panel for further consideration.

