**Lissiana Yenny HANDOKO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

**No. 07–4435–ag.**

United States Court of Appeals, Second Circuit.

July 15, 2008.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Mukasey is automatically substituted for for-

Theodore N. Cox, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Francis, W. Fraser, Senior Litigation Counsel, Drew C. Brinkman, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

mer Acting Attorney General Peter D. Keisler

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Lissiana Yenny Handoko, a native and citizen of Indonesia, seeks review of the September 26, 2007 order of the BIA (1) affirming the September 8, 2005 decision of Immigration Judge ("IJ") William Van Wyke denying her application for withholding of removal and relief under the Convention Against Torture, and (2) reversing the IJ's decision granting her application for asylum and instead pretermitting that application as untimely filed. *In re Lissiana Yenny Handoko*, No. A96 260 549 (B.I.A. Sept. 26, 2007), *aff'g in part and rev'g in part* No. A96 260 549 (Immig. Ct. N.Y. City Sept. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's decision as modified by the BIA, confining our review to the rationale of the IJ on which the BIA relied. *See Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir.2007).

Handoko's sole argument is that the BIA erred by engaging in *de novo* review of the IJ's findings of fact and by engaging in factfinding in the course of deciding whether she had established "exceptional circumstances" such that would excuse the untimely filing of her asylum application. *See* 8 C.F.R. § 1003.1(d)(3) (providing the BIA's "Scope of Review"); 8 U.S.C. § 1158(a)(2)(D) (exceptions to the one-year filing deadline with respect to asylum applications). Title 8, Section 1158(a)(3) of the United States Code divests us of jurisdiction to review the agency's finding that

as the respondent in this case.

an asylum applicant established "extraordinary circumstances" under 8 U.S.C. § 1158(a)(2)(D). That provision notwithstanding, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330–32 (2d Cir.2006). Here, we conclude that Handoko's argument does not raise a constitutional claim or a question of law and, accordingly, we dismiss her petition for review. *See Noble v. Keisler,* 505 F.3d 73, 78 (2d Cir.2007) (noting that while, in some circumstances, we have jurisdiction to review claims that the BIA employed an improper standard of review, we lack jurisdiction over a legal argument that "mischaracterizes the [discretionary] nature of the agency's decision").

The determination of whether an asylum applicant has established "extraordinary circumstances" is one committed entirely to the discretion of the agency. *See Xiao Ji Chen,* 471 F.3d at 323. While the BIA's consideration of an IJ's discretionary findings regarding "extraordinary circumstances" must involve an examination of the factual record, this does not convert its own discretionary determination into improper factfinding. *Cf. Noble,* 505 F.3d at 79. In its decision, the BIA examined the same facts relied on by the IJ and found that none of Handoko's explanations for her failure to apply for asylum within one year of her arrival in the U.S. constituted "extraordinary circumstances." Inasmuch as the BIA was entitled to review *de novo* the IJ's exercise of discretion, *see id.,* we have no authority to review the BIA's own discretionary conclusion that Handoko had not demonstrated "extraordinary circumstances" excusing the untimeliness of her asylum application. *See Xiao Ji Chen,* 471 F.3d at 332.

Because Handoko failed to raise any other claims or arguments previously considered by the agency, she has effectively abandoned any challenge to the issues we would be "empowered to review." *Nwogu v. Gonzales,* 491 F.3d 80, 84 (2d Cir.2007). We therefore dismiss her petition for review in its entirety.

For the foregoing reasons, the petition for review is DISMISSED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.