TIAN BAIO LIN, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–4078–ag.

United States Court of Appeals, Second Circuit.

July 30, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Susan K. Houser, Senior Litigation Counsel, Drew C. Brinkman, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Tian Baio Lin, a native and citizen of the People's Republic of China, seeks review of the August 29, 2007 order of the BIA denying his motion to reopen. *In re Tian Biao Lin,* No. A78 294 655 (B.I.A. Aug. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

In his brief to the Court, Lin argues that the BIA erred in denying his motion to reopen because he will likely obtain derivative asylee status through his wife, who has a pending asylum application. However, Lin made no such argument before the BIA. Instead, Lin argued that he is eligible for asylum based on his wife's forced abortions and forced IUD insertion in China and that he has a well-founded fear of persecution in China because of his having fathered two children. Because Lin failed to raise his derivative asylee status argument in his motion before the BIA, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this argument. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007). Because Lin has effectively waived any challenge to the only decision the Court is "empowered to review," the petition for review must be denied. *See Nwogu v. Gonzales,* 491 F.3d 80, 84 (2d Cir.2007) (denying petition where applicant failed to raise "any of the issues relevant" to BIA's denial of his motion to reopen).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the petitioner's pending motion for a stay of removal is DISMISSED as moot.