**JING YANG, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

**No. 07–4498–ag.**

United States Court of Appeals, Second Circuit.

Aug. 13, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Rosanne M. Perry, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Jing Yang, a native and citizen of China, seeks review of the September 27, 2007 order of the BIA denying his motion to reopen. *In re Jing Yang*, No. A95 471 483 (B.I.A. Sept. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

█ Ordinarily this Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). Here, however, Yang does not challenge the BIA's refusal to reopen his proceedings sua sponte, and fails to renew the due process arguments he raised before the BIA, thereby leaving nothing for us to review. A petitioner's attorney must "include his most cogent arguments in his opening brief, upon pain of otherwise finding them waived." *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir.2005). Where the petitioner has been represented by counsel throughout these proceedings, "it is not our obligation to ferret out [his] arguments. That, after all, is the purpose of briefing." *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir.2005). Accordingly, because we do not find that manifest injustice would result if we decline to reach the

BIA's September 2007 order, we deem waived any challenge thereto. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Yang has effectively waived any challenge to the issues this Court would be "empowered to review," the petition for review must be denied. *See Nwogu v. Gonzales*, 491 F.3d 80, 84 (2d Cir.2007) (denying petition where applicant failed to raise "any of the issues relevant" to BIA's denial of his motion to reopen).

█ In his brief, Yang argues that his proceedings should have been reopened in light of changed country conditions in China that would place him in danger by virtue of the birth of his two children. We lack jurisdiction to review that claim, however, where it was not presented to the BIA in the motion to reopen that is the subject of the instant petition for review. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). We note that Petitioner's counsel, Gary Yerman, has numerous petitions for review pending in this Court that challenge the BIA's denial of a motion to reopen based on changed country conditions in China. The BIA decision in this case, however, was not one of them. To the extent that Attorney Yerman's brief refers to evidence Yang did not present and findings that the BIA did not make in this case, it is apparent that he has submitted a boilerplate brief not tailored to the facts of his client's case. Future briefing of this quality may result in referral to this Court's Grievance Panel.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.