**JIE BIN WU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–4338–ag.**

United States Court of Appeals, Second Circuit.

Aug. 27, 2008.

Tina Howe, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Julia J. Tyler, Trial Attorney, United States Department of Justice,

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Jie Bin Wu, a native and citizen of the People's Republic of China, seeks review of the September 17, 2007 order of the BIA denying his motion to reopen. *In re Jie Bin Wu,* No. A70 901 514 (B.I.A. Sept. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). Here we deny the petition for review because Wu has waived any challenge to a dispositive basis for the BIA's denial of his motion to reopen: its application of the fugitive disentitlement doctrine.

As the BIA noted, the government issued Wu a bag-and-baggage letter in February 2006, but he failed to report for deportation as ordered. The BIA, thereafter, denied his motion to reopen pursuant to the fugitive disentitlement doctrine. Wu's failure to raise any challenge to this finding in his brief to this Court is fatal to his petition for review. *See Yueqing*

*Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *see also Nwogu v. Gonzales,* 491 F.3d 80, 84 (2d Cir.2007) (denying the petition for review where petitioner failed to raise "any of the issues relevant" to BIA's denial of his motion to reopen).

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.