**JIN QIN ZHENG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 07–4190–ag.**

United States Court of Appeals, Second Circuit.

Sept. 4, 2008.

John Chang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle G. Latour, Assistant Director; Michele Y.F. Sarko, Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Qin Zheng, a native and citizen of the People's Republic of China, seeks review of the September 11, 2007 order of the BIA denying her motion to reconsider. *In re Jin Qin Zheng,* No. A93 412 730 (B.I.A. Sept. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 106 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v.*

*U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Under 8 U.S.C. § 1158(d)(5)(A)(iv), "any administrative appeal shall be filed within 30 days of a decision granting or denying asylum, or within 30 days of the completion of removal proceedings before an immigration judge under section 1229a of this title, whichever is later." *See also* 8 C.F.R. § 1003.38(b). That deadline notwithstanding, we have held that the BIA has discretion to hear late-filed appeals in "unique or extraordinary circumstances." *See Zhong Guang Sun,* 421 F.3d at 108; *see also Nwogu v. Gonzales,* 491 F.3d 80, 84 (2d Cir.2007). We have further held that the BIA errs when it indicates that it has no authority to hear untimely appeals under any circumstances and when it fails to consider an alien's argument that her circumstances qualify as unique or extraordinary. *See Zhong Guang Sun,* 421 F.3d at 111.

Here, the IJ denied Zheng's application on May 24, 2007 and her appeal was therefore due on June 25, 2007. Zheng allegedly mailed her notice of appeal to the BIA on June 8, 2007, but the BIA did not receive that notice until June 28, 2007, three days after the filing deadline had expired. The BIA dismissed Zheng's appeal for lack of jurisdiction. In her motion to reconsider, Zheng argued that "the mail should reach the BIA within five days from the mailing date" and that "it's hard to understand why it took twenty days for the appeal to reach the BIA." The BIA did not acknowledge this argument or the evidence submitted with Zheng's motion, stating in conclusory fashion that Zheng failed to raise an error of law or fact. As in *Zhong Guang Sun,* the BIA erred in failing to acknowledge its discretion to hear untimely appeals or to consider whether Zheng's circumstances qualified as unique or extraordinary.

Our disposition in this petition is limited to correcting the BIA's "misconstruction of the jurisdictional nature of its own filing deadline." *Id.* (internal quotation marks omitted). We express no opinion as to whether Zheng's excuse for her untimely filing is a good one.

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, the pending motion for a stay of removal in this petition is GRANTED pending the BIA's disposition of this matter on remand.