As the BIA properly found that Yu failed to establish *prima facie* eligibility for relief, we need not reach Yu's argument that the BIA abused its discretion by finding that the evidence he submitted in support of his motion to reopen was neither new nor previously unavailable.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**YU ZHU LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–3940–ag.

United States Court of Appeals, Second Circuit.

Sept. 24, 2008.

---

**2.** We note that Yu waives any challenge to the BIA's finding that his motion to reopen was number-barred; however, because the BIA may have erred in making such finding, we deny the instant petition for review based on the BIA's alternative *prima facie* finding.

Lee Ratner, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Yamileth G. HandUber, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Yu Zhu Lin, a native and citizen of China, seeks review of an August 23, 2007 order of the BIA affirming the September 14, 2004 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which denied her applications for asylum and withholding of removal. *In re Lin, Yu Zhu,* No. A76 126 300 (B.I.A. Aug. 23, 2007), *aff'g* No. A76 126 300 (Immig. Ct. N.Y. City Sept. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In her brief to this Court, Lin challenges, exclusively, the BIA's denial of her motion to reconsider. Contrary to Lin's argument, our review is limited to the BIA's August 2007 denial of her asylum and withholding of removal claims where that is the only decision from which a petition for review was timely filed. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *cf. Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001) (noting that where the alien files a timely petition from the denial of a motion, but not from the underlying affirmance of the removal order, the Court may review only the denial of the motion). Accordingly, we are without jurisdiction to review Lin's arguments to the extent they challenge the BIA's denial of her motion to reconsider. *See* 8 U.S.C. § 1252(b)(1).

Moreover, Lin has waived any challenge to the BIA's denial of her asylum and withholding of removal claims by failing to raise any relevant argument in her brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 8 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal")(internal quotation marks and citation omitted). Because Lin has waived any challenge to the only decision we are "empowered" to review, the petition for review must be denied. *See Nwogu v. Gonzales,* 491 F.3d 80, 84 (2d Cir.2007) (per curiam).

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.