**QI LONG PAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–5013–ag.

United States Court of Appeals, Second Circuit.

Sept. 26, 2008.

Charles Christophe, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Carl H. McIntyre, Jr., Assistant Director, Leah V. Durant, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Qi Long Pan, a native and citizen of the People's Republic of China, seeks review of the October 10, 2007 order of the BIA denying his motion to reopen. *In re Qi Long Pan*, No. A79 308 788 (B.I.A. Oct. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Pan's brief to this Court does not challenge the BIA's finding that, in light of the prior adverse credibility determination,[2] the Changle City police department certificate and the supporting affidavits that he offered were insufficient to warrant reopening of his removal proceedings. In *Qin Wen Zheng v. Gonzales*, we found that, in the context of a motion to reopen, the BIA "reasonably rejected the authenticity" of an allegedly official government notice because the petitioner had been found not credible in the context of his original asylum hearing. 500 F.3d 143, 146–47 (2d Cir.2007) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007)). The BIA explicitly relied on *Qin Wen Zheng* in its decision, but that case is not cited, much less discussed, in Pan's brief. Given that the BIA's rejection of Pan's evidence in light of the prior adverse credibility determination was a dispositive finding, his failure to challenge it is fatal to his petition for review. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *see also Nwogu v. Gonzales*, 491 F.3d 80, 84 (2d Cir.2007)(per curiam)(denying the petition for review where petitioner failed to raise "any of the issues relevant" to BIA's denial of his motion to reopen).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** We note that we previously upheld the agency's adverse credibility determination in Pan's case. *See Qi Long Pan v. Gonzales*, No. 03–40299–ag (2d Cir. July 19, 2006).

