

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2008

# Morales Ruiz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4407

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Morales Ruiz v. Atty Gen USA" (2008). *2008 Decisions.* Paper 464.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/464

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4407

JUAN CARLOS MORALES RUIZ,
                                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                            Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A98-906-399)
(U.S. Immigration Judge: Honorable Eugene Pugliese)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2008

Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed: September 30, 2008)

OPINION OF THE COURT

PER CURIAM.

    Juan Carlos Morales Ruiz petitions for review of an order of the Board of

Immigration Appeals (BIA), which denied his motion for reconsideration.  For the

reasons that follow, we will deny the petition.

Morales is a native and citizen of Colombia. He entered the United States in March 2004 and stayed longer than permitted. He applied for asylum and related relief, based on his allegation that he was persecuted in the past due to his homosexuality, and that he will be persecuted and/or tortured in the future in Colombia for the same reason. The Immigration Judge (IJ) denied relief, finding that what Morales had experienced in the past was discrimination rather than persecution.

On appeal, the BIA agreed that Morales did not experience persecution in the past and agreed that Morales had not met his burden of showing a likelihood that he would be persecuted or tortured in the future. Morales filed a petition for review of this decision, but it was untimely. This Court closed the case on that basis on November 27, 2007. See Morales Ruiz v. Attorney General, No. 07-3829.

In the meantime, Morales filed a motion to reconsider with the BIA. The BIA denied the motion on October 31, 2007, stating that there was "no new legal argument or aspect of the case that we previously overlooked." Morales filed a timely petition for review of that decision.

We do not have jurisdiction to review the IJ's underlying order of removal nor do we have jurisdiction to review the BIA's initial order of August 22, 2007 dismissing Morales' appeal, because he did not file a petition for review in this Court within 30 days of that order. See Stone v. INS, 514 U.S. 386, 405 (1995) ("[A] deportation order is final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider."); Nwogu v. Gonzales, 491 F.3d 80, 84 (2d Cir. 2007). Thus, our

2

review extends only to the order denying Morales' motion for reconsideration.

A motion for reconsideration is a "request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002) (citations omitted). To succeed on his petition for review, the petitioner must show that the BIA's decision denying reconsideration was somehow "arbitrary, irrational, or contrary to law." See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (citations omitted). We find that the petitioner has not made this showing.

Morales points out numerous reasons why he believes the IJ erred in finding that he was not persecuted. However, given the procedural posture of this case, the only question is whether the Board abused its discretion in denying the motion for reconsideration. We have compared Morales' brief on appeal to the Board (A.R. 57-89) with his motion for reconsideration (A.R. 16-32). The motion for reconsideration raises essentially the same arguments that were raised in the brief. As noted in the Board's decision denying the motion, the motion does not appear to contain "additional legal arguments, [or] a change of law . . . ." Although Morales argues that the Board "overlooked" arguments or aspects of the case the first time around, the Board says in its decision that it did not do so. The Board does not abuse its discretion in denying a motion for reconsideration where the motion merely repeats arguments made on direct appeal. Khan v. Gonzales, 495 F.3d 31, 36-37 (2d Cir. 2007). We will therefore deny the

3

petition for review.[1]

---

[1] We could, alternatively, deny the petition because Morales waived any challenge to the denial of his reconsideration motion by failing to raise it in his opening brief. <u>Chen v. Ashcroft</u>, 381 F.3d 221, 235 (3d Cir. 2004).  The brief contains very little that could be interpreted as pertaining to the BIA's decision on reconsideration.  <u>See</u> <u>Voci v. Gonzales</u>, 409 F.3d 607, 610 n.1 (3d Cir. 2005) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court") (internal citations and quotations omitted).  The failure is not cured by raising the challenge in a reply brief.  <u>Gambino v. Morris</u>, 134 F.3d 156, 161 n.10 (3d Cir. 1998).