**KUN YING ZHAO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–2106–ag.**

United States Court of Appeals, Second Circuit.

Dec. 30, 2008.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Henry Zhang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Dalin R. Holyoak, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Kun Ying Zhao, a native and citizen of China, seeks review of the April 8, 2008 order of the BIA: (1) affirming the April 19, 2006 decision of Immigration Judge ("IJ") Sandy Hom, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying her motion to remand. *In re Kun Ying Zhao,* No. A95 710 136 (B.I.A. Apr. 8, 2008), *aff'g* No. A95 710 136 (Immig. Ct. N.Y. City Apr. 19, 2006). We assume the parties'

familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's reasoning and supplements it, we review the decision of the IJ as supplemented by the BIA. *See Wala v. Mukasey,* 511 F.3d 102, 105 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also In re J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007).

As a preliminarily matter, we are without jurisdiction to consider any arguments regarding Zhao's claims for withholding of removal or CAT relief because she failed to exhaust any challenge to the IJ's denial of those claims before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Accordingly, we dismiss her petition for review to that extent.

Regarding Zhao's asylum claim based on her alleged practice of Falun Gong, we find that substantial evidence supports the agency's adverse credibility determination. For example, the agency properly noted the inconsistent testimony of Zhao and her uncle as to the last two occasions she practiced Falun Gong before her hearing, and the implausibility of her unproblematic

departure from China despite her claim that she was sought by police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In addition, we defer to the IJ's observations that her demeanor during her testimony suggested that she was testifying from a script rather than from her actual experiences. *See id.; Shu Wen Sun v. BIA,* 510 F.3d 377, 380–81 (2d Cir.2007). Moreover, because Zhao's testimony was not otherwise credible, it was not improper for the IJ to rely on the absence of any corroborating statements from, e.g., her father, her former boyfriend or his parents. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).[1] Under the REAL ID Act, these findings were sufficient to support the agency's conclusion that Zhao was not credible. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). Accordingly, the agency's denial of asylum was not improper.

As a final matter, we find no abuse of discretion in the BIA's denial of Zhao's motion to remand. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005) (motions to remand are reviewed for abuse of discretion). Zhao sought remand to the IJ for consideration of her alleged fear of persecution under China's coercive population control policy based on the impending birth of her second child. In denying that motion, the BIA found that she had failed to provide adequate evidence in support of her motion and, in any event, the only country conditions evidence in the record suggested that she would not face sanctions rising to the level of persecution. First of all, we find that Zhao's failure to challenge any of the actual reasons the BIA articulated in its deci-

---

1. We find no error in the IJ's decision to give no weight to a letter from Zhao's aunt in China when she had no personal knowledge of the events about which she wrote. *See*

*Xiao Ji Chen,* 471 F.3d at 342 (noting that the weight afforded to record evidence lies largely within the IJ's discretion).

sion is fatal to her petition for review. *See Nwogu v. Gonzales,* 491 F.3d 80, 84 (2d Cir.2007) (denying the petition for review where petitioner failed to raise "any of the issues relevant" to BIA's denial of his motion to reopen). Regardless, Zhao's only argument—that the BIA improperly engaged in *de novo* review when deciding her motion—is without merit when the BIA had the necessary authority to analyze whether she established *prima facie* eligibility for asylum based on the newly alleged facts. 8 C.F.R. § 1003.2(a), (c)(1), (c)(4).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).