SUMMARY ORDER

Xu Yang, a native and citizen of the People’s Republic of China, seeks review of an October 12, 2007, order of the BIA denying his motion to reopen his removal proceedings. In re Xu Yang, No. A73 626 005 (B.I.A. Oct. 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We ordinarily review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 418 F.3d 232, 233 (2d Cir.2005) (per curiam). Here, however, Yang has waived any challenge to the BIA’s findings we would otherwise be empowered to review. See Nwogu v. Gonzales, 491 F.3d 80, 84 (2d Cir.2007). Specifically, Yang has waived any challenge to the BIA’s finding that, pursuant to 8 C.F.R. § 1003.2(c)(3)(ii), he failed to establish changed country conditions in China sufficient to warrant the reopening of his case. See Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (finding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).
In any event, even if Yang had not waived a challenge to that finding, it would fail, as this Circuit has previously held that an additional child is a changed “personal” circumstance and not a “changed country condition” that would warrant granting of a motion to reopen. Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130 (2d Cir.2005) (per curiam); Guan v. BIA, 345 F.3d 47, 49 (2d Cir.2003) (per curiam).
Further, an alien subject to a final removal order, as Yang was, must “file a successive asylum application in conjunction with a motion to reopen and in accordance with those procedural requirements.” Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008)(deferring to BIA decision in In re C-W-L, 24 I. & N. Dec. 346 (B.I.A.2007)). This means that a successive asylum application submitted after the entry of a final order is denied unless the petitioner can establish changed country conditions. Id. at 152-56. As noted, Yang asserts only changed personal circumstances. Accordingly the BIA did not *88 abuse its discretion in denying his motion to reopen and we need not reach Yang’s claims that the BIA erred in failing to address his request to file a successive asylum application.
For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.