Yang v. Holder

BIA
A029 809 073

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of May, two thousand ten.

PRESENT:
>        ROBERT D. SACK,
>        ROBERT A. KATZMANN,
>        RICHARD C. WESLEY,
>             *Circuit Judges*.

_____

CHI FONG YANG, ALSO KNOWN AS SADAKO KANAZAWA, ALSO KNOWN AS QIFENG YANG, ALSO KNOWN AS CHI FENG YANG,
>        *Petitioner*,

>        v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent*.

09-4018-ag

NAC

_____

FOR PETITIONER:     Nathaniel K. Hsieh, Chicago, Illinois.

FOR RESPONDENT:     Tony West, Assistant Attorney General, Civil Division; Ernesto H. Molina, Jr., Assistant Director, Office of Immigration Litigation; Jeffery R. Leist, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chi Fong Yang, a native and citizen of the People's Republic of China, seeks review of the August 31, 2009, order of the BIA denying his motion to reconsider. *In re Chi Fong Yang*, No. A029 809 073 (B.I.A. Aug. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Our review in this case is limited to the BIA's August 2009 denial of Yang's motion to reconsider, because that is the only decision from which he filed a timely petition for review. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). As the government argues, however, Yang waives any challenge to that decision. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Instead, Yang's brief is devoted to challenging the findings the BIA made in denying his motion to reopen, a decision that is not properly before us. *See Ke Zhen Zhao*, 265 F.3d at 89-90. Because Yang has effectively waived any challenge to the decision we are

2

"empowered to review," his petition for review must be denied. *See Nwogu v. Gonzales*, 491 F.3d 80, 84 (2d Cir. 2007) (denying petition where applicant failed to raise "any of the issues relevant" to BIA's denial of his motion to reopen).

We note that even if Yang had not waived such arguments, we would conclude that the BIA did not abuse its discretion in denying his motion to reconsider because he merely repeated the same argument that the BIA had previously considered and rejected in denying his motion to reopen. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3