**HU HWEI ZHANG, also known as Xu Hui Zhang, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,[1] Respondent.**

No. 08–2579–ag.

United States Court of Appeals, Second Circuit.

March 12, 2009.

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Hu Hwei Zhang, a native and citizen of the People's Republic of China, seeks review of the May 2, 2008 order of the BIA affirming the November 15, 2006 decision of Immigration Judge ("IJ") Paul A. Defonzo, pretermitting his application for asylum and denying his application for withholding of removal. *In re Hu Hwei Zhang*, No. A95 688 172 (B.I.A. May 2, 2008), *aff'g* No. A95 688 172 (Immig. Ct. N.Y. City Nov. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). Thus, we "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin,* 534 F.3d at 167.

As a preliminary matter, we note that Petitioner has waived any argument this Court is empowered to review. *See Nwogu v. Gonzales,* 491 F.3d 80, 84 (2d Cir. 2007). Although he recognizes that his asylum application was deemed untimely, he does not challenge the agency's pretermission of that application. Consequently he has abandoned any objections to a finding of untimeliness. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007). Instead, he asserts that he is eligible for asylum. Although Petitioner identifies the standard applicable to his withholding of removal claim, the argument section of his brief challenges only the denial of asylum. Nevertheless, because Petitioner has consistently challenged the agency's adverse credibility determination, which was the dispositive basis for the denial of his request for withholding of removal, we construe his brief as challenging the denial of that relief.

We reject Petitioner's challenge to the agency's adverse credibility determination. As the IJ found, Petitioner testified that he left China because he was persecuted by the Chinese government on account of his practice of Falun Gong. However, neither his asylum application nor his father's letter state that he practiced Falun Gong. Petitioner characterizes this discrepancy as "minor." But, even assuming it was (although it is plainly not), under the

REAL ID Act, the IJ was entitled to rely on such an inconsistency in determining credibility. *See Xiu Xia Lin,* 534 F.3d at 167.

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED.