**JUAN QIN ZOU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

**No. 08–0984–ag.**

United States Court of Appeals, Second Circuit.

June 26, 2009.

---

**1.** Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case. Fed. R.App. P. 43(c)(2).

**647**

Charles Christophe, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, Patrick J. Glen, Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Juan Qin Zou, a native and citizen of the People's Republic of China, seeks review of the January 30, 2008 order of the BIA affirming the November 26, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying her applications for asylum, withholding of removal, adjustment of status, and an INA § 212(i) waiver. *In re Juan Qin Zou*, No. A077 564 951 (B.I.A. Jan. 30, 2008), *aff'g* No. A077 564 951 (Immig. Ct. N.Y. City, Nov. 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

While we treat each petition for review as challenging only the BIA decision from which it was timely filed, *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), the BIA's "varying techniques" in affirming prior agency decisions "affect the scope of our review." *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). In Zou's case, the language of the BIA's January 2008 decision suggests that it intended to incorporate the reasoning in its June 2006 decision. Therefore, we review both of those decisions together. *See Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir.2007).

When the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao*, 482 F.3d at 126.

As a preliminarily matter, under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." *See also Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir.2003)). Here, the IJ declined to adjudicate Zou's claim for relief under the Convention Against Torture ("CAT") and Zou failed to pursue that claim before the BIA. Accordingly, as a

statutory matter, we are without jurisdiction to consider any argument regarding her CAT claim, and dismiss her petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1).

Furthermore, we have previously observed that we lack jurisdiction to review the agency's denial of a waiver under 8 U.S.C. § 1182(i) (INA § 212(i)), unless the petitioner raises constitutional claims or questions of law. *See Emokah v. Mukasey*, 523 F.3d 110, 118–19 (2d Cir.2008); 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(D). Because Zou's arguments amount to a mere quarrel over the agency's balancing of the equities in her case, we lack jurisdiction to consider them, and dismiss her petition for review to that extent. *See Emokah*, 523 F.3d at 119.

Regarding the agency's denial of Zou's asylum application, we find that substantial evidence supports the agency's adverse credibility determination. Indeed, we find Zou's waiver of any challenge to certain of the IJ's adverse credibility findings to be "significant" because those unchallenged findings, "by themselves, support an adverse credibility determination." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir.2008); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (discussing waiver). For example, Zou fails to challenge the IJ's finding that her husband's testimony was utterly inconsistent with her own in several respects, notably regarding the very basis for her past persecution claim—her alleged forced abortion. The inconsistencies that Zou fails to challenge are so "substan-

tial" when measured against the record as a whole, *Secaida–Rosales*, 331 F.3d at 308–09, that they alone support the agency's adverse credibility determination. *Shunfu Li*, 529 F.3d at 146–47. As Zou was not credible, the agency properly concluded that she had not suffered past persecution.[2] *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006).

Regarding a well-founded fear of persecution, Zou does not dispute the BIA's finding that she presented no evidence of a policy in China of forced sterilization or other persecution on account of having given birth to two U.S. citizen children. Indeed, she does not discuss the record evidence to any extent. Moreover, Zou's brief to this Court does not even cite *Matter of S–Y–G–*, 24 I. & N. Dec. 247 (BIA 2007), which was the entire basis for the BIA's January 2008 decision on remand from this Court. Zou's failure to challenge any of the actual reasons the BIA articulated in its decision is fatal to her petition for review.[3] *Cf. Nwogu v. Gonzales*, 491 F.3d 80, 84 (2d Cir.2007).

Because Zou failed to meet her burden of proof with respect to asylum, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul*, 444 F.3d at 156.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

---

**2.** Zou provides no examples from the record in support of her argument that the IJ was biased or hostile towards her. We agree with the BIA that the IJ's conduct was not improper, and that Zou was afforded a full and fair hearing with a reasonable opportunity to be heard. *But cf. Peter Conrad Ali v. Mukasey*, 529 F.3d 478, 493 (2d Cir.2008).

**3.** As the government argues, to the extent Zou raises new bases for her claims for relief—i.e., her opposition to the Communist Party, her unauthorized departure from China, and an imputed political opinion because she applied for asylum in the U.S.—we may not consider them where they were not first raised before the agency. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20, 124 (2d Cir.2007).

stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).