10-2351-ag
Mahmood v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand eleven.

PRESENT:     GUIDO CALABRESI,
             REENA RAGGI,
             RAYMOND J. LOHIER, JR.
                    *Circuit Judges.*
-----------------------------------------------------------
TAHIR MOHAMMAD MAHMOOD,
AKA Muhammad Tahir Mahmood,
AKA Muhammad Tahir Hammoud,
                    *Petitioner*,

            v.                              10-2351-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                    *Respondent*.
-----------------------------------------------------------

FOR PETITIONER:          Tahir Mohammad Mahmood, *pro se,* Jamaica, New York.

FOR RESPONDENT:          Margot L. Nadel, Trial Attorney, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Office of Immigration Litigation;  Tony West, Assistant Attorney General, United States Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner, a native and citizen of Pakistan, seeks review of a May 27, 2010 order of the BIA denying his motion to reconsider the BIA's December 10, 2009 order, following remand from this Court, declining to exercise its sua sponte authority to reopen removal proceedings. See In re Tahir Mohammad Mahmood, No. A095 961 997 (B.I.A. May 27, 2010); see also Mahmood v. Holder, 570 F.3d 466 (2d Cir. 2009); In re Tahir Mohammad Mahmood, No. A095 961 997 (B.I.A. Dec. 10, 2009). We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision to dismiss the petition for review.

As an initial matter, our review is limited to the BIA's May 2010 denial of reconsideration, as Mahmood's petition for review is timely filed only as to that order. See Nwogu v. Gonzales, 491 F.3d 80, 84 (2d Cir. 2007) (concluding that where petition is filed only to review BIA's denial of reopening or reconsideration, reviewing court's jurisdiction is limited to decision not to reopen or reconsider); see also Stone v. INS, 514 U.S. 386, 405 (1995) (concluding that BIA's denial of appeal and denial of reconsideration are two separate orders from which separate petitions of review must be taken). Accordingly, to the extent Mahmood's brief challenges the BIA's December 2009 determination that his motion to reopen was untimely, we lack jurisdiction to consider these arguments, which Mahmood did

2

not raise in his motion for reconsideration.  Moreover, to the extent that Mahmood's brief may be construed to argue that he or his wife will face persecution if he were removed to Pakistan, we similarly do not have jurisdiction.  Mahmood does not appear to have raised this claim before the agency at all, let alone in his motion for reconsideration.

The Government maintains that because Mahmood's motion for reconsideration challenged only the exercise of the BIA's sua sponte authority to reopen the removal proceedings—a determination unreviewable by this court—we lack jurisdiction to review the remainder of his petition.[1]  We agree.

As we noted in our decision resolving Mahmood's first petition for review, "we are without jurisdiction to review the Agency's failure to reopen removal proceedings sua sponte."  Mahmood v. Holder, 570 F.3d at 469 (citing Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir. 2006)).  In that decision, we remanded Mahmood's case to the agency to consider, in light of the Supreme Court's decision in Dada v. Mukasey, 554 U.S. 1 (2008), "whether it would still decline to exercise its sua sponte authority to reopen Mahmood's removal proceedings."  Mahmood v. Holder, 570 F.3d at 471.  In so doing, we expressly recognized that, on remand, the agency could "choose not to exercise its sua sponte authority," and "such a decision would be unreviewable by us."  Id.  That is precisely what happened.

---

[1]  The BIA sua sponte construed Mahmood's motion for reconsideration as a second motion to reopen, insofar as the motion sought to introduce an affidavit from Mahmood's wife.  The BIA denied this construed motion to reopen as number-barred. **[CAR 3]** See 8 C.F.R. § 1003.2(c).  Mahmood's brief does not challenge this determination, and we do not consider it further.

3

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court