10-1305-ag
Gomez Velez v. Holder

BIA
A089 013 442

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of January, two thousand twelve.

PRESENT:
        JON O. NEWMAN,
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

CARLOS ALBERTO GOMEZ VELEZ,
        *Petitioner,*

        v.                                      10-1305-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Glenn T. Terk, Wethersfield, Connecticut.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Carlos Alberto Gomez Velez seeks review of a March 10, 2010, order of the BIA, denying his motion to reconsider its July 24, 2009, decision in which it affirmed the April 11, 2008, removal order of Immigration Judge ("IJ") Paul M. Gagnon. *In re Gomez Velez*, No. A089 013 442 (B.I.A. Mar. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). As an initial matter, because the petition for review is timely only as to the BIA's 2010 decision, we have jurisdiction to review only the BIA's 2010 denial of Gomez Velez's motion to reconsider, not the BIA's underlying dismissal of his appeal. *See* 8 U.S.C. § 1252(b)(1); *Nwogu v. Gonzales*, 491 F.3d 80, 84 (2d Cir. 2007) (per curiam); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001). We conclude that the BIA did not abuse its discretion in its denial of reconsideration.

In his motion to reconsider, Gomez Velez argued that the IJ did not allow him to present evidence in support of his motion to suppress evidence of his alienage obtained as a result of his arrest. He has not explained, however, before the BIA or this Court, what evidence he would have presented that might have changed the outcome in his case. Accordingly, the BIA did not abuse its discretion in denying reconsideration on this ground. *See Aslam v. Mukasey*, 537 F.3d 110, 115 (2d Cir. 2008) (per curiam) (denying due process claim because alien "fail[ed] to persuasively argue that he was prejudiced"); *Shi Jie Ge v. Holder*, 588 F.3d 90, 96 (2d Cir. 2009) (denying due process claim because "any injury suffered as a result has been cured because [the alien] has been afforded the requisite full and fair opportunity to litigate the merits of his . . . claim before the BIA and this Court"); *Rajah v. Mukasey*, 544 F.3d 427, 448 (2d Cir. 2008) (in the absence of "unresolved issues," an IJ's failure to hold an evidentiary hearing regarding the petitioner's removability did not require remand).

Gomez Velez also argued in his motion to reconsider that the BIA improperly engaged in fact-finding by relying on a declaration he submitted on appeal. In denying the

3

motion, the BIA responded that it had not in fact relied on the declaration, but rather on his statements during the proceedings before the IJ.  Gomez Velez does not challenge or even acknowledge the BIA's response or the fact that the IJ found the same facts, but simply reiterates that the BIA erred in relying on his declaration.  Thus, there is no basis to find that the BIA abused its discretion in denying the motion to reconsider on this ground.  *See Belortaja v. Gonzales*, 484 F.3d 619, 624 (2d Cir. 2007); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006) (per curiam) (recognizing that the BIA does not overstep its authority when it relies on facts already in the record).

Finally, Gomez Velez argued in his motion to reconsider that even if his initial stop was due to a traffic violation, his subsequent seizure was an egregious violation of his rights warranting suppression because the Middletown police officer who arrested him was not authorized to enforce immigration law.  We have explained that an egregious constitutional violation will trigger the exclusionary rule in removal proceedings where, either: (1) "an individual is subjected to seizure for *no* reason at all . . . if the seizure is sufficiently severe"; or (2)

4

"even where the seizure is not especially severe . . . if the stop was based on race (or some other grossly improper consideration)."* *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235 (2d Cir. 2006).

Before this Court, Gomez Velez suggests that race may have played a role in his arrest, pointing to evidence submitted before the IJ of a pending complaint against the officer for racial profiling. However, because Gomez Velez did not exhaust this issue before the BIA, we decline to address this argument. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

Although Gomez Velez argues that his arrest was an egregious violation of his constitutional rights because the arresting officer did not have authority to enforce immigration law, he cites no binding or relevant authority for this proposition. As the government points out, at least in some circumstances federal immigration law contemplates the cooperation of state employees with the federal government in "the identification, apprehension,

---

* We have also recognized that exclusion is appropriate where the Fourth Amendment violation undermined the reliability of the evidence in dispute. *See Almeida-Amaral*, 461 F.3d at 235. Here, however, Gomez Velez has not raised any challenge to the veracity of the evidence of his alienage.

detention, or removal of aliens not lawfully present in the United States." 8 U.S.C. § 1357(g)(10). Because Gomez Velez refers to no relevant facts or law to support his assertion that the arresting officer was not authorized to enforce federal immigration law, we cannot find that the BIA abused its discretion in denying his motion to reconsider. *See Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk